## SUPREME COURT.

### CORNELIUS BAKER and others agt. GEORGE SEELY.

Where a party, for the purpose of securing, with other obligations, a promissory note made by himself, executed a chattel mortgage to the payee, and, after the note had been protested for non-payment, through an agent of his paid the note at the bank, unknown to the payee, and procured another loan from a third party upon the same note, and to secure which the payee assigned to such third party so much of the chattel mortgage as would secure the amount, and on foreclosure of the chattel mortgage by the payee and the collection of the whole amount,

*Held*, that the payee of the note by the assignment of the mortgage was estopped from saying that the note had been paid, and the mortgage extinguished *pro tanto*. He was, the trustee of the third party to the extent of their interest in the mortgage, and bound to account to them for such interest. The latter was not a party to any fraud, if any was practiced on the payee.

*New-York Special Term, June,* 1859.

THE facts of the case appear in the opinion.

DAVIES, Justice. The facts as they appeared on the trial of the cause are substantially as follows: Seely, the defendant, was the owner and holder of certain promissory notes of one Baldwin, and among them a note for $1,000, dated October 29, 1855, payable twenty-two months from date, and which was payable to Seely's order. The payment of this note and others was secured to Seely by a chattel mortgage, executed by Baldwin to him, and which chattel mortgage Seely held on the 9th of September, 1857. Seely indorsed the note, and deposited it in the Citizens' Bank, where it was payable, and on the first of September, 1857, it was protested for non-payment, and after such protest, an agent of the maker, Baldwin, called at the bank and paid the amount of it, and took the note. Such agent then applied to the plaintiffs for an advance of money upon the note, representing that it was secured by a chattel mortgage to the defendant Seely. The plaintiffs made application to Seely to ascertain the truth of this representation, and proved it to be so.

On the 9th of September, 1857, the defendant made and executed to the plaintiffs an assignment in the words following:

" For value received I hereby sell, assign and set over to Cornelius Baker & Son, that certain promissory note made by Andrew H. Baldwin, payable on the first day of September, 1857, for one thousand dollars, and to which a certain chattel mortgage upon the lease and furniture of the National Hotel in Cortlandt street, New-York, is held as collateral, and which mortgage, to the extent of said note, is hereby assigned to said C. Baker & Son.

"                                        " GEO. SEELY.

" New-York, September 9th, 1857."

The plaintiffs, upon the delivery to them of said note, protest and assignment, proceeded upon the faith thereof to make an advance to them, and advanced the sum of $950.

Seely, the mortgagee, subsequently proceeded to foreclose the chattel mortgage, and collected the amount of the mortgage.

The plaintiffs, in the complaint as originally framed, prayed for the appointment of a receiver of the property covered by the chattel mortgage, and a sale of sufficient to pay the amount due to them.    Under this complaint as thus presented, it is clear that all necessary parties were not before the court, and the grounds of objection taken in the learned and able arguments of the counsel for the defendants would necessarily be sustained.

But I think the case a very simple and plain one, on the facts proved on the trial, that it is my duty under section 173 of the Code, in furtherance of justice, to permit the pleadings to be amended to conform to the facts proved.    *Dauchy* agt. *Tyler*, 15  *How.* 399, is ample authority for the necessary amendments in this case.

How, then, stands the case ?    There is no question that the plaintiffs in good faith made the advances to Baldwin on the representations that the note was secured by the chattel mortgage, and the assignment by defendant of a sufficient interest in the mortgage to secure the note.    I think the defendant is

Baker agt. Seely.

estopped from saying that this note had been paid, and the chattel mortgage extinguished *pro tanto*. He in effect, by the assignment of it to plaintiffs, represented it as a vital existing note ; at any rate, he and Baldwin re-issued it, and it is not competent for them to say here that it had in fact been paid, and the mortgage to that extent extinguished. It may be true that the defendant supposed that the note had not in fact been paid by Baldwin, and that the moneys the plaintiffs were to advance were to be applied to the reimbursement of the moneys paid at the bank to take up the note. Such mistake or misapprehension on his part cannot affect the rights of the plaintiffs. It is not pretended that they were parties to the fraud, if any, practiced on the defendant. They advanced their moneys in good faith upon these securities ; and the defendant having proceeded and collected the mortgage, a portion of which, or an interest in which, he had assigned to the plaintiffs for a valuable consideration, I cannot see upon what principle he can be excused from accounting for the moneys thus collected. He was the trustee of the plaintiffs to the extent of their interest in the mortgage, and having collected the amounts secured by it, he is on every principle bound to account to them for the extent of their interests ; that is, the sum advanced by them on the note and assignments, $950, and interest from the date of such advances.

Judgment will, therefore, be entered for the plaintiffs for that sum and interest, and the costs of this suit to be adjusted.